### DINSMORE *vs.* WESTCOTT and others.

1. A mistake in ante-dating a subpœna, when in fact it was not issued before the filing of the bill, may be corrected.

2. A defect in the affidavit of mailing a copy of the notice to an absent defendant, in not showing that the place to which it was directed was the defendant's post office address, may be remedied by supplying the proof by way of amendment.

3. A party claiming an interest in premises against which a foreclosure has been commenced, under a deed not recorded at the filing of the bill, is bound by the proceedings in the suit, so far as the property is concerned, as if he had been made a party to the suit. His not being a party to the suit, does not affect the title of the purchaser at the sale.

---

On petition to be relieved from bid at sheriff's sale under foreclosure of mortgage.

*Mr. R. Wayne Parker*, for petitioner.

*Mr. A. Dutcher*, contra.

THE CHANCELLOR.

The petitioner purchased the mortgaged premises at the sheriff's sale under the execution in this cause. He now applies to be relieved from his bid, on the ground that the proceedings are irregular, informal, and insufficient to bar the equity of redemption of the owner of the premises. The grounds of objection, more particularly stated, are, that the *subpœna ad respondendum* appears, by its teste, to have been issued before the bill was filed; that the proceedings as against Abram H. Schenck, as an absent defendant, do not show that the directions of the rule of court in that behalf have been followed, inasmuch as the affidavit on file does not show that the residence and address therein mentioned were the true residence and post office address of Schenck; and that it appears that long before the bill was filed, Schenck, who was made a defendant as owner of the equity of redemption, conveyed the mortgaged premises in fee simple to Anthony W. Dimock, who, also before the bill was filed, conveyed them in fee to Stephen Sweet, who, it is alleged by the petition, previously to the last mentioned conveyance, had been tenant of the property. The petitioner's counsel insists that this tenancy of Sweet, was such notice of Sweet's title to or interest in the lands, as rendered it necessary for the complainant to make him a party to the suit.

As to the first objection: The solicitor of the complainant swears that the subpœna was, in fact, issued on the 6th of May, the day on which the bill was filed, and not on the 5th, and that if it bears date on the latter day it is a mere clerical error. The subpœna, then, was not, in fact, issued before the filing of the bill. The mistake in the date may be corrected.

As to the second: The order for publication directs in the usual way, that notice of it shall, within twenty days from the date of the order, be served on the defendants, personally, or by leaving the same at their residence, with a person of the family, or that, in default of such service, the notice be published, within the twenty days, in a designated news-

paper, and that a copy of the notice be also mailed within the same time, to the absent defendants, directed to their post office address, if the same could be ascertained. The notice was duly published, and it appears by the affidavit on file, that a copy of it was sent, within the prescribed time, in an envelope, pre-paid, by mail, addressed to Schenck, at the city of New York. The defect in the affidavit is that it does not show that that was Schenck's post office address. If it was, the proof may be supplied by way of amendment. *Rogers* v. *Rogers*, 3 *C. E. Green* 445.

As to the third objection : The act " relating to the Court of Chancery," approved March 17th, 1870, (*Pamph. Laws,* 1870, *p.* 40,) provides, that in any suit for the foreclosure of a mortgage upon, or which may relate to, real or personal property in this state, all persons claiming an interest in, or an encumbrance or lien upon such property, by or through any conveyance, mortgage, assignment, lien, or any instrument which, by any provision of law, could be recorded, registered, entered, or filed in any public office in this state, and which shall not be so recorded, registered, entered, or filed, at the filing of the bill in such suit, shall be bound by the proceedings in such suit, so far as said property is concerned, in the same manner as if he had been made a party to and appeared in such suit and the decree therein made against him as one of the defendants therein. It further provides, that such person may, on causing his conveyance, mortgage, assignment, lien claim, or other instrument, to be recorded, registered, entered, or filed, as provided by law, cause himself to be made a party to the suit, by application on petition.

When the bill in this cause was filed, Schenck appeared, by the records of the county in which the premises are situated, to be the owner of the equity of redemption. It appears that by deed dated and acknowledged August 31st, 1871, Schenck conveyed the property in fee simple to Anthony W. Dimock, who appears to have conveyed it in fee simple to Stephen Sweet, by deed dated May 1st, 1873, but not acknowledged until the 9th of that month. Neither of these

deeds was recorded until the 22d of January, 1874—four months after the final decree was entered in the cause, when they were both recorded. Sweet, not having caused his deed to be recorded, is, by the provisions of the act above quoted, bound by the proceedings, so far as the property is concerned, in the same manner as if he had been made a party to the suit and the decree therein made against him as one of the defendants.

The petition states that previously to the date of that deed he had been tenant of the property, and that the "petitioner is advised, that by the tenancy of Sweet such notice of his title may have been given to all the world, that Dimock or Sweet should have been made party to the bill as owner." The petition is not evidence of the facts stated therein. *Carpenter* v. *Muchmore*, 2 *McCarter* 123. If it were, it merely states that Sweet had been tenant of the property previously to the conveyance to him. When he was tenant, or when his tenancy expired, does not appear. The petition nowhere alleges that he was in possession of the premises when the bill was filed. His tenancy, if any there was, had then ceased, for he was then, according to the petition, the owner of the property, in fee. The deed to him is dated May 1st, 1873, and it is presumed to have been delivered at its date. The complainant's solicitor swears that he had no knowledge of any person being the owner, or in possession of, or having any interest in the premises, except Schenck, until long after the commencement of the suit, and in August, 1873, when Sweet called on him and requested delay in the proceedings, stating that he had purchased the premises and wanted time in which to raise the money to pay off the mortgage; that he asked Sweet why he did not put his deed on record, if he had one, and he could make no satisfactory answer, and the solicitor then told him that his keeping his deed off record was a suspicious circumstance, and that he, the solicitor, was not inclined to grant him any indulgence, as he did not appear to have any rights in the premises. This was before the master's report in the cause was filed.

Yet Sweet made no application to be admitted a defendant. He is bound by the decree. This matter will stand over to give the complainant an opportunity to make .the amendments above allowed, and when they shall have been made the petition will be dismissed, but without costs.